108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John E. McMAHON, Petitioner-Appellant,
v.
Judy SMITH, Respondent-Appellee.
 No. 96-1593.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 4, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 John E. McMahon, a state prisoner acting pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. McMahon was convicted of six sexually related offenses involving his first cousin, a minor. The Wisconsin Court of Appeals reversed one of the convictions on direct appeal. McMahon attacks the remaining convictions, charging that the trial court committed reversible error by violating McMahon's right to be present at all stages of the trial, and by inquiring into the jury's numerical division when it appeared to be deadlocked. McMahon also claimed that one of the charges against him impermissibly joined multiple criminal offenses in a single count. The district court concluded that any error by the trial court was not of constitutional magnitude. We agree, and affirm for the reasons stated by the district court.
 
 
 2
 The district court also concluded that McMahon was procedurally barred from raising his claim that one of the charges impermissibly joined multiple criminal offenses. McMahon concedes the procedural default, but insists that he had cause for doing so. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (no federal habeas review where a prisoner has defaulted a federal claim under a state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law"). His only argument, however, is that if the district court had granted his motion for appointment of counsel, counsel could have framed the petition so that the merits of the defaulted claim could be addressed. It is well established that there is no constitutional right to counsel on collateral review, and McMahon's own lack of legal expertise does not constitute cause as contemplated by the Supreme Court. See Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987). Consequently, McMahon has failed to establish cause for his procedural default.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)